IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SYLVIA DOREEN HATAMI, | * | |
| Plaintiff, | * | |
| | * | Civil Case No. WDQ-14-4004 |
| v. | * | |
| ABDOLREZA HATAMI, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

The above-captioned case has been referred to me for all discovery and related scheduling matters in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. [ECF No. 22]. This Memorandum addresses Plaintiff Sylvia Doreen Hatami's Motion to Extend Deadlines for Discovery and Dispositive Motions [ECF No. 20], and Defendant Abdolreza Hatami's Motion to Strike Plaintiff's Rule 26(a)(2) Expert Disclosures [ECF No. 21]. I have reviewed the motions and oppositions, and Plaintiff's reply. [ECF Nos. 20, 21, 23]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). For the reasons stated herein, Plaintiff's motion will be GRANTED, and Defendant's motion will be DENIED.

I.   **BACKGROUND**

The instant suit began as an Interpleader action filed by The Guardian Life Insurance Company of America ("Guardian") on December 23, 2014. [ECF No. 1]. The decedent, Nariman Hatami, became eligible for coverage under a Group Life and Accidental Death and Dismemberment Insurance Plan (the "Plan") offered by Guardian through his employer, EBA Engineering, Inc. ("EBA"). Am. Compl. ¶ 7. The Plan provided that, upon the decedent's death,

$50,000.00 in Basic Life coverage and $200,000.00 in Voluntary Term Life coverage would be paid to the beneficiary(ies) identified by the decedent. Am. Compl. ¶ 10. Pursuant to the terms of the Plan, the decedent had the right to change the beneficiary(ies) of the Plan. *Id*. In the Enrollment Form, as kept by EBA and submitted to Guardian, the decedent designated Abdolreza Hatami and Sylvia Doreen Hatami as primary co-beneficiaries (50% each) of the $50,000.00 in Basic Life benefits under the Plan. *Id.* ¶ 12. The decedent also designated Abdolreza Hatami as a primary beneficiary (80%) and Sylvia Doreen Hatami as a primary beneficiary (20%) of the $200,000.00 in Voluntary Term Life benefits. *Id.* ¶ 13. On October 7, 2014, the decedent died with the Plan in force, and accordingly, $250,000.00 in Basic Life and Voluntary Term Life benefits were payable to the designated beneficiaries. *Id.* ¶ 14.

On November 7, 2014, Abdolreza Hatami asserted a claim to the Guardian life insurance proceeds under the Plan. *Id.* ¶ 15. On November 17, 2014, Sylvia Doreen Hatami asserted a claim to the benefits under the Plan, and also sent a letter to Guardian's claim department alleging that the Enrollment Form, as kept by EBA, had been altered from the original Enrollment Form completed by her and the decedent, a copy of which was kept by her. *Id.* ¶¶ 16–17. Specifically, Ms. Hatami claimed that the decedent designated Abdolreza Hatami as a primary beneficiary as to 20% of the Basic Life benefits, and Sylvia Doreen Hatami as a primary beneficiary as to 80% of the Basic Life benefits under the Plan. *Id.* She further claimed that the decedent designated her as the sole (100%) primary beneficiary of the Voluntary Term Life benefits under the Plan. *Id.*

Guardian determined that, in light of these conflicting claims, Sylvia Doreen Hatami was entitled to at least 50% ($25,000.00) and 20% ($10,000.00) of the Basic Life and Voluntary Term Life benefits, respectively, and Abdolreza Hatami was entitled to at least 20%

($10,000.00) of the Basic Life benefits, plus accrued interest.  Am. Compl. ¶¶ 18–19.  Guardian sent payment reflecting these undisputed amounts to both parties on January 27, 2015.  *Id.*  Subsequently, Guardian filed an Interpleader action seeking to deposit the remaining 30% ($15,000.00) of the Basic Life benefits and the remaining 80% ($160,000.00) of the Voluntary Term Life benefits under the Plan into the Registry of this Court, which this Court ordered on February 26, 2015 [ECF No. 15].

In initial proposed pleadings, Sylvia Doreen Hatami was designated as Defendant.  Pl. Mot. 1.  At the request of Ms. Hatami and with the consent of Abdolreza Hatami, this Court issued an Order designating Sylvia Doreen Hatami as Plaintiff.  *Id.* at 1–2.  This Court issued a Scheduling Order providing for Plaintiff's Rule 26(a)(2) disclosure of experts by May 4, 2015. Def. Mot. 1.  Plaintiff claims that, in reviewing the Court's Scheduling Order, Plaintiff's counsel mistakenly noted Defendant's Rule 26(a)(2) disclosure deadline of June 2, 2015 as her own.  Pl. Mot. 2.  As of the May 4, 2015 deadline, Plaintiff had not disclosed any experts to Defendant. Def. Mot. 1

On May 19, 2015, the parties began depositions of Plaintiff, Defendant, and Robin Collins, a human resources representative at EBA.  Pl. Mot. 2.  Plaintiff claims that, during Ms. Collins's deposition, Plaintiff's counsel noticed that Defendant's handwriting, as presented on certain employment documents maintained by EBA, appeared similar to the handwriting on the purportedly altered insurance beneficiary form.  *Id.*  Afterwards, Plaintiff's counsel contacted a forensic document examiner, Katherine Mainolfi Koppenhaver, to review the documents obtained at the May 19, 2015 deposition.  *Id.*  On May 21, 2015, Plaintiff's counsel contacted Defendant's counsel to discuss the purported mistake, and to seek Defendant's consent to extend Plaintiff's Rule 26(a)(2) disclosure deadline.  *Id.*  On May 27, 2015, Defendant denied Plaintiff's

request. Pl. Mot. 2. Plaintiff subsequently filed her motion to extend discovery deadlines on June 1, 2015, and contemporaneously served Defendant with a copy of Plaintiff's Rule 26(a)(2) discovery, disclosing Ms. Koppenhaver as her expert. *See Id.* at 2. In response, Defendant moved to strike Plaintiff's Rule 26(a)(2) disclosure on June 10, 2015. Def. Mot. 1–2.

## II.     DISCUSSION

### A.     DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RULE 26(a)(2) DISCLOSURES

Defendant argues that Plaintiff should be precluded from presenting expert testimony because her disclosures were untimely and she has failed to demonstrate good cause. *Id.* at 5. Defendant further argues that Plaintiff's failure to comply with the Scheduling Order has caused Defendant harm, and that an extension of discovery deadlines will unduly delay the proceedings. *Id.* Defendant points out that the Scheduling Order required Plaintiff to disclose her experts before the scheduled depositions, and that Defendant was not aware of Plaintiff's theory prior to receiving her late disclosure. *Id.* According to Defendant, Defendant's counsel "would have modified his examination of both the Plaintiff and of the Human Resource Representative of EBA . . . had [he] been aware of Plaintiff's expert and Plaintiff's theory of the case . . . ." *Id.* Defendant also claims that, if Plaintiff's expert is allowed to testify, Defendant will incur substantial additional costs in obtaining his own expert and deposing Plaintiff's expert. *Id.*

In response, Plaintiff argues that her untimely disclosure does not prejudice Defendant because discovery is ongoing and Plaintiff's expert is available for depositions. Pl. Reply 1. Additionally, Plaintiff has proposed a 30 day extension of the discovery deadlines, including Defendant's Rule 26(a)(2) disclosure, to allow Defendant additional time to review Plaintiff's expert report. Pl. Mot. 4. As to Defendant's additional costs, Plaintiff points out that Defendant would have incurred the same costs had Plaintiff's disclosure been timely, and that, per recent

4

discovery disclosures, Defendant has already retained an expert document examiner.  Pl. Reply 2.  Finally, Plaintiff maintains that she will be severely prejudiced if her expert's testimony is excluded, because her expert opines that Defendant wrongfully altered the insurance beneficiary form to his primary benefit.  *Id.*

Rule 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  It is the burden of the party facing sanctions to show that the failure to comply was either substantially justified or harmless.  *Carr v. Deeds*, 453 F.3d 593, 602 (4th Cir. 2006).

In determining whether a litigant's failure to timely disclose information required by discovery provisions was substantially justified or harmless, so as not to warrant exclusion of testimony, the Fourth Circuit considers four factors:  (1) the importance of the testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice.  *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 506–07 (D. Md. 1997).  However, excluding expert testimony "is an extreme sanction," and, if the evidence is critical, one that is "not normally . . . imposed absent a showing of willful deception or flagrant disregard of the court order by the proponent."  *Soufflas v. Zimmer, Inc.*, 474 F. Supp. 2d 737, 745 n.4 (E.D. Pa. 2007); *see also Derrickson v. Circuit City Stores, Inc.*, No. DKC 95-3296, 1999 WL 1456538 (D. Md. Mar. 19, 1999) ("Exclusion is a harsh sanction.").

Here, factors one, three, and four weigh in Plaintiff's favor.  First, the testimony Defendant seeks to exclude is of critical importance to Plaintiff's case.  Without testimony from

a handwriting expert, Plaintiff will likely be unable to offer support for her contention that Defendant altered the insurance beneficiary form.  Second, the potential prejudice to Defendant is minimal.  Discovery has not concluded, and the Court is prepared to grant Defendant's request for an extension of his own deadline to disclose experts.  Since Plaintiff's expert has already been disclosed, Defendant will have at least 30 days to respond to Plaintiff's expert reports and to prepare his own reports.  Additionally, the Court will permit Defendant to reopen his depositions of Plaintiff and Ms. Collins, on a limited basis, to ask questions pertinent to the document at issue.  Finally, no trial date has been set, and therefore surprise on the eve of trial as a result of Plaintiff's late submission is not a concern.

The second factor does weigh in favor of exclusion.  Plaintiff has argued that her failure to file on time was because her counsel "mistakenly noted the Defendant's Rule 26(a)(2) disclosure deadline . . . as her own."  Pl. Mot. 2.  Plaintiff's justification for the delay, while potentially innocent,[1] falls short of "substantially justified."  However, Plaintiff's error is somewhat mitigated by her diligence in contacting Defendant and requesting an extension immediately after discovering the error, and prior to filing a motion with this Court.

While Plaintiff's explanations for her delay are not substantial, this Court will not grant Defendant's motion to exclude all of Plaintiff's expert testimony.  Striking expert testimony is a particularly harsh sanction and, in this case, could very well be outcome determinative.  While Defendant's claims regarding prejudice are well taken, simple adjustments to the schedule can provide Defendant a full and fair opportunity to prepare his case.  *See Metts v. Airtran Airways, Inc.*, 2010 WL 4183020, at *3 (D. Md. Oct. 22, 2010) (denying defendant's motion to preclude plaintiff's expert testimony despite insubstantial justification, on the grounds of lack of

---

[1] Because Ms. Hatami was originally designated as Defendant, it seems plausible that Ms. Hatami's counsel could have mistakenly operated under Defendant's Rule 26(a)(2) discovery deadline prior to the deposition, as Plaintiff claims.

prejudice). However, Plaintiff is reminded that the Court's deadlines are not mere suggestions, and failure to abide by them in the future could result in more significant sanctions.

### B. PLAINTIFF'S MOTION TO EXTEND DEADLINES FOR DISCOVERY AND DISPOSITIVE MOTIONS

Because Plaintiff has already disclosed her expert to Defendant, she proposes a 30 day extension of the discovery schedule to allow Defendant time to review Plaintiff's expert report and to secure his own expert. Generally, district courts have broad discretion to manage the timing of discovery. *Ardrey v. United Parcel Serv.,* 798 F.2d 679, 682 (4th Cir. 1986). Where a party moves to amend a scheduling order after a deadline has passed, Rule 6 of the Federal Rules of Civil Procedure provides that a court may "extend the time [to file] on motion . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In deciding whether neglect is excusable, "the determination is . . . an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993).

As discussed above, although Plaintiff's explanation for her delay is largely unsatisfactory, allowing the parties a 30 day discovery extension will have limited, if any, prejudicial effect on Defendant and the Court. Accordingly, the Court will exercise its discretion and grant Plaintiff's request to extend the deadlines for discovery and dispositive motions. *See Metts,* 2010 WL 4183020, at *4 (granting plaintiff's motion to amend the scheduling order despite inadequate justification, on the grounds of lack of prejudice to defendant). However, in

7

light of the fact that several of Plaintiff's proposed modified deadlines have already passed, the Court will modify the schedule as set forth in the accompanying order.

Additionally, as noted above, the Court will permit Defendant to reopen the depositions of Plaintiff and Robin Collins on a limited basis, as set forth in the accompanying order.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion is GRANTED, and Defendant's motion is DENIED.  An accompanying order is issued herewith.

Dated:  July 24, 2015                                                       /s/
                                                                                        Stephanie A. Gallagher
                                                                                        United States Magistrate Judge